CABOT, The (McDONALD v.). See Case No. 8,759.

## Case No. 2,278.

### Ex parte CABRERA.

[1 Wash. C. C. 232.][1]

Circuit Court, D. Pennsylvania. April Term, 1805.

JURISDICTION OF THE CIRCUIT COURT—PRIVILEGE OF FOREIGN MINISTER—REMEDY FOR VIOLATION.

1. A secretary, attached to the Spanish legation, is entitled to the protection of the laws of nations, against any civil or criminal prosecution: but, the circuit court cannot discharge him from criminal process, issued under the authority of the state of Pennsylvania.

[Cited in Re Barry, 42 Fed. 125; The Celestine, Case No. 2,541; Ex parte Burrus, 136 U. S. 613, 10 Sup. Ct. 850.]

[See note at end of case.]

2. The courts of the United States, and the justices thereof, are only authorized to issue writs of habeas corpus to prisoners in jail, under, or by colour of the authority of the United States; or committed by some court of the United States; or required to testify, in a cause depending in a court of the United States.

[Cited in U. S. v. French, Case No. 15,165.]

[See note at end of case.]

3. The jurisdiction of the courts of the United States, is limited; and, the inferior courts can exercise it, only in cases in which it is conferred by an act of congress.

[Cited in U. S. v. Drennen, Case No. 14,992; U. S. v. New Bedford Bridge, Id. 15,867; Harrison v. Hadley, Id. 6,137; Electoral College Case, Id. 4,336; Re Cilley, 58 Fed. 978.]

4. The laws of the United States, which punish those who violate the privileges of a foreign minister, are equally obligatory on the state courts, as upon those of the United States; and it is equally the duty of each, to quash proceedings against any one having such privileges.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

5. The injured party may seek his redress, in either court, against the aggressor; or, he may prosecute, under the 26th section of the law.

6. The circuit court cannot quash proceedings against a public minister, depending in a state court; nor can the court in any way interfere with the jurisdiction of the courts of a state.

[Cited in The Celestine, Case No. 2,541; Re Baxter, Id. 1,118.]

Don Joseph de Cabrera, was brought up on a habeas corpus, ad subjiciendum awarded, some days ago, directed to the keeper of the debtors' apartment of the jail of the city and county of Philadelphia. The writ was awarded upon the affidavit of the party, stating, that he was, at the time of his commitment, in the character of secretary, attached to the Spanish legation; and had been committed, by a warrant from the governor of this state, on the ground of a criminal charge. The return to the habeas corpus, states; that the petitioner is detained in the custody of the jailor aforesaid, by virtue of a warrant from the governor of Pennsylvania, dated the 27th of August, 1804; "commanding him to arrest the petitioner, Don Joseph de Cabrera, attached to the legation of Spain, near the United States; who is charged, on oath, with having presented to the Bank of Pennsylvania, certain counterfeit checks, drawn in the name of the Marquis de Casa Yrujo, minister of his most catholic majesty. By the law of nations," continues the warrant, "he (the said Cabrera,) is entitled to all the privileges of one in the train of the minister; and, therefore, he may not be amenable to our laws: yet, he may be secured with the consent of the minister, till it shall be known whether his sovereign will order him to Spain for trial, or to be delivered up to the justice of this state. You will, therefore, furnish him with a room in the debtor's apartment, and him safely keep, under the directions of the minister, until further orders." He was also detained by virtue of a warrant, bearing date the 7th September, 1804, issued by M. Hillegas, one of the city aldermen, on the complaint of the cashier of the bank, that a forged check, in the name of the said minister, had been presented by a servant of the said Cabrera; "and it is stated, by Joseph B. M'Kean, that the Spanish minister has withdrawn, (at the request of the said Cabrera,) the protection of the rights of embassy; and whereas said Cabrera is charged with having forged said check," the officer is commanded to apprehend said Cabrera, and to bring him before him, to answer the said complaint; and to be further dealt with, according to law. It appeared, that a bill of indictment was found, in the mayor's court, against the petitioner, for this forgery; but, upon a representation of his character and privileges to the court, a nolle prosequi was entered. To prove the illegality of these proceedings, and the title of the petitioner to the immunities of the law of nations, he produced his commission from the court of

Madrid, appointing him secretary, attached to the Spanish legation; a certificate from the Spanish minister, acknowledging him as adjoint to the secretary of legation, appointed under the denomination of gentleman ambassador, and entitled to the protection of the law of nations: also, a letter from the secretary of state, certifying, that he had been received, and treated in that character, by the government of the United States.

It was argued, on the part of the petitioner, by S. Levy, and Mr. Heatly; that a secretary of legation, appointed by his sovereign, is entitled, equally with the minister himself, to the protection of the law of nations; and, unlike the private secretary of the minister, who is appointed by him, is not subject to his control; and cannot be deprived of his privileges, by any act of the minister. Vatt. Law Nat. bk. 4, c. 9, § 122. He cannot divest himself of his privileges, without the consent of his master. Id. c. 8, § 11; Marten's Law Nat. 250. A minister cannot be prosecuted criminally, or civilly, for a breach of the municipal laws. 4 Inst. 153; 1 Rob. Abr. 175. Moll. 139; 1 Com. Dig. tit. "Ambassador," L. B. To prove the power of this court to relieve; the constitution, the 25th section of the law to punish crimes, and the 13th and 14th sections of the judicial law, were relied on.

PETERS, District Judge, gave a written opinion, in which he condemns the proceedings against the petitioner, as illegal and unwarrantable; but is of opinion, that we have not jurisdiction to relieve in this way.

WASHINGTON, Circuit Justice (after stating the case). The documents produced by the petitioner, fully establish, to my satisfaction; that, previous to his arrest and commitment, under the warrants before mentioned, his claim to the character of adjoint secretary of the Spanish legation, was well founded; and there is no evidence before the court, that he has since been removed by his master. We must, therefore, consider him, as now entitled to that character. If so, it is not, and cannot be denied, but that he is under the protection of the law of nations; and is not amenable to the tribunals of this country, upon a civil or criminal charge. Whether the ground, stated in the governor's warrant, be sufficient or not, to authorize his detention, until the further order of the minister of his master be known, need not be decided; until we have first ascertained the power of this court to relieve him, or to pass an opinion on that point.

The question is not, whether congress might, within the terms of the constitution, have conferred this power on the courts of the United States, in cases of this nature; but, have they done it? For, it has been frequently decided, by the judges of the supreme court of the United States, that the inferior courts can exercise jurisdiction in those cases only, where it is conferred upon them by a law of congress. The reason of this is obvious. The only court, by name, whose jurisdiction is defined by the constitution, is the supreme court; and, therefore, congress has no power to restrain it in those cases where it is defined. But, the residuum of the judicial power is vested in such inferior courts, as congress may, from time to time, ordain and establish. Now, it follows, that when congress has established such inferior courts, it lies with that body, to parcel out the judicial powers amongst them, in such manner, as may seem to them most proper. Accordingly, we find that certain tribunals, under the denomination of circuit courts, are authorized to hear and determine a class of cases, particularly pointed out, whilst other cases are assigned to courts, under a different name; sometimes exclusive of, and sometimes concurrent with the circuit courts. The question then is, has this court jurisdiction of the present cause, by virtue of any law of congress, so as to discharge from confinement, any person, no matter what may be his character or privileges; committed by a warrant from the governor, or any judicial magistrate, of this state?

The counsel for the petitioner rely, for the establishment of our jurisdiction, upon the 25th section of the law, entitled, "An act for the punishment of certain crimes against the United States." It declares, that all process, sued out in any of the courts of the United States, or of any particular state, or by any judge or justice therein, respectively, against the person or effects of any public minister, or of his domestics, shall be deemed null and void; and the next section declares, that the person suing out the same, shall be punished, on conviction, with fine and imprisonment. This law is not less obligatory upon the state courts, and state judges, than upon those of the United States. If a public minister be sued in the latter courts, it will be the duty of those courts to quash the process, as altogether void. If he be sued in the former, that court is equally bound by the same law to give the same decision. The injured party may also have redress against the aggressor in either court, or may prosecute him under the 26th section of the law.

But, where is the law which gives to the circuit courts, a right to quash a writ sued out from a state court, and there depending against a public minister? If the circuit court can do this, why may not the district court do it? For the claim of either is equally warranted by the constitution. But, the law, which must be our guide, has given it to neither. It is one thing, to declare the process void; but, another to define the tribunal, which is to decide. The natural tribunal is that, where the process is depending; or which has the superintending control over such courts. Either court, that is,

the federal circuit, or the state court; might entertain jurisdiction of a suit, brought to redress the injury, if the sum, residence of the party, and other circumstances, which respect the general jurisdiction of these courts, respectively, be such as the law requires. But, I apprehend, that neither court can dictate to the other, the conduct it shall pursue, or interfere in causes there depending, unless properly brought before it, under the provisions of law.

We come then to the remedy. The petitioner is detained by virtue of the two warrants before mentioned. Can this court take him, by force of a habeas corpus, from the custody of the law of this state, and set him at large? The 13th section of the judicial law, which was referred to, and relied upon, by the counsel for the petitioner, relates entirely to the jurisdiction of the supreme court of the United States. The 14th section, which was also relied upon, is applicable to the question under consideration. It declares, that all the courts of the United States, as well as the justices thereof, shall have power to issue writs of habeas corpus, provided that such writs shall in no case extend to prisoners in jail, unless where they are in custody under, or by colour of the authority of the United States, or are committed for trial, before some court of the same, or are necessary to be brought in to testify. But, Don Joseph de Cabrera is a prisoner in jail, and is not in custody by authority, and was not committed for trial, before any court of the United States; neither is he wanted to testify in this court. The consequence is, that, by the express injunctions of the law, this writ of habeas corpus cannot extend to the present case. Whether it would have been wise in congress, to have vested in the national courts, the power of deciding, in some way or other, every national question, authorized by the constitution; is another point. I am one of those, I confess, who have always thought it would have been better, if the legislature of the Union, in alloting to the several courts the jurisdiction they were to exercise, had occupied the whole ground marked out by the constitution; but, I am not one of those, who think it a commendable quality in a judge, to enlarge, by construction, the sphere of his jurisdiction: that of the federal courts is of a limited nature, and cannot be extended beyond the grant. Whether the petitioner may, or ought to be relieved, in the courts of this state, it would be improper in me to say. It is clear, that, upon this motion, we cannot relieve him.

The prisoner was remanded.

[NOTE. The general law of nations and municipal laws exempt ministers from jurisdiction or control over their persons. U. S. v. Benner, Case No. 14,568. Servants of a minister are not liable for misdemeanors. U. S. v. Lafontaine, Id. 15,550. The secretary of a legation is likewise protected. U. S. v. Jeffers, Id. 15,471. A minister's house, equipage, etc., are entitled to the same protection as his person. U. S. v. Hand, Id. 15,297; U. S. v. Ortega, 11 Wheat. (24 U. S.) 467. But this immunity may be forfeited. U. S. v. Liddle, Case No. 15,598.

[Concerning the right to habeas corpus, the judiciary act of 1789 provided that writs "shall in no case extend to prisoners in gaol, unless where they are in custody, under or by colour of the authority of the United States, or are committed for trial before some court of the same, or are necessary to be brought into court to testify." By the act of March 2, 1833 (4 Stat. 634), the authority to grant writs of habeas corpus was extended to cases of prisoners in jail, committed or confined on or by any authority or law, for any act done or omitted to be done in pursuance of a law of the United States, or any order, process, or decree of any judge or court thereof. The act of August 29, 1842 (5 Stat. 539), provided that a writ might issue in cases of any prisoner or prisoners in jail or confinement, where he, she, or they, being subjects or citizens of a foreign state, and domiciled therein, shall be committed or confined or in custody under or by any authority or law or process founded thereon, of the United States, or of any one of them, for or on account of any act done or omitted under any alleged right, title, authority, privilege, protection, or exemption set up or claimed under the commission or order or sanction of any foreign state or sovereignty, the validity and effect whereof depend upon the law of nations, or under color thereof. The provisions of the act of February 5, 1867 (14 Stat. 385), still further provided the right to grant the writ in all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States.

[As to the authority under the act of 1789, see Ex parte Dorr, 3 How. (44 U. S.) 103; U. S. v. French, Case No. 15,165. Under the act of 1833, Ex parte Robinson, Id. 11,934, gives relief to one in state custody, whether held in state or federal process. U. S. v. Jailer of Fayette County, Id. 15,463. A person properly in custody in state authority cannot be relieved by habeas corpus in federal courts. U. S. v. Rector, Id. 16,132. A person imprisoned in violation of the constitution, or of any law or treaty of the United States, although in accordance with a state statute, may be discharged on habeas corpus. In re Brosnahan, 18 Fed. 62.

[A bankrupt under arrest for violation of a state law, is not entitled to discharge on habeas corpus, where the debt is one which would not be affected by his discharge in bankruptcy. In re Alsberg, Case No. 261. Nor will the discharge be granted where the prisoner is confined for an offense solely cognizable by a state court. In re Taylor, Id. 13,774. The federal court has jurisdiction where the imprisonment, though under color of state authority, is contrary to the fourteenth amendment. In re Ah Lee, 5 Fed. 899; In re Lee Tong, 18 Fed. 253. The writ will issue for the relief of persons committed for contempt by a state court, where alleged contempt was committed in the performance of a duty created by the constitution and laws of the United States. Electoral College Case, Case No. 4,336. And see Matter of Engle, Id. 4,488; and see, generally, Ex parte Touchman, Id. 14,108; In re Bull, Id. 2,119.]